IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| ELEISHA BREWSTER, <br><br> Plaintiff, <br><br> v. <br><br> BLOCK BY BLOCK, <br><br> Defendant. | Civil Action No.:3:24-770 <br><br> **NOTICE OF REMOVAL** <br><br> (Mecklenburg County Superior Court No. 24CV022528-590) |

**TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF NORTH CAROLINA, AND TO *PRO SE* PLAINTIFF:**

PLEASE TAKE NOTICE THAT Defendant Mydatt Services, Inc. dba Block by Block[1] ("Defendant" or "BBB") removes this action from the Mecklenburg County Superior Court of the State of North Carolina to the United States District Court for the Western District of North Carolina, Charlotte Division, pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446. In support of this Notice of Removal, Defendant states as follows:

I. **TIMELINESS OF REMOVAL**

1. On or about May 17, 2024, Plaintiff Eleisha Brewster ("Plaintiff") filed a civil action, entitled *Eleisha Brewster v. Block By Block*, against BBB in the General Court of Justice, Superior Court Division, for Mecklenburg County, North Carolina, Case No. 24CV022528-590. On July 26, 2024, Plaintiff purportedly served BBB by having an unnamed individual hand deliver a copy of the Civil Summons and Plaintiff's Complaint for Damages and Jury Demand (the "Complaint") to BBB by leaving it with Ashley Jackson, Business Support Administrator for BBB

---

[1] Defendant is incorrectly named in Plaintiff's Complaint.

at its offices located at 640 4th Street, Suite 110, Louisville, Kentucky 40202. Copies of the Civil Summons and Complaint are collectively attached as Exhibit A.[2] These are the only process, pleadings, and orders served on Defendant in this action. Plaintiff has not filed a valid return of service with the Court. In support of this Notice of Removal, BBB states that this Notice of Removal is timely and has been filed within thirty days of receipt of the Complaint as required by 28 U.S.C. § 1446(b). The 30th day after service is Sunday, August 25, 2024, which extends the deadline to the next court day, which is Monday, August 26, 2024. Fed. R. Civ. P. 6(a). Defendant is therefore filing this Notice of Removal prior to expiration of the removal deadline.

## II. VENUE

2. The General Court of Justice, Superior Court Division, for Mecklenburg County, North Carolina is located within the Charlotte Division of the United States District Court for the Western District of North Carolina. Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

## III. FEDERAL QUESTION JURISDICTION

3. This action is properly removable under 28 U.S.C. § 1441(a), because the United States District Court has original jurisdiction pursuant to 28 U.S.C. § 1331, which provides that "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

4. Plaintiff is a former employee of BBB. Her Complaint seeks relief for allegedly "unlawful employment practices based on race discrimination (Black/African American), disparate treatment, hostile work environment, harassment, and retaliation in violation of the Title

---

[2] Defendant pursues this removal subject to its pending objections to the validity of service of the Summons and Complaint.

VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII")." (*See* Compl. Intro. and ¶ 1.)

5. Under the originally styled caption, Plaintiff indicated that venue was appropriate in this federal district and Court. (Compl. ¶ 2.) Plaintiff crossed out the "Western District," initialed the change, and instead filed the action in the state court.

6. Plaintiff obtained a Determination and Notice of Rights from the United States Equal Employment Opportunity Commission ("EEOC") on February 27, 2024, which is attached to the Complaint as Exhibit A, and is the procedural prerequisite to her ability to file suit. (Compl. ¶ 5, Ex. A.)

7. Count 1 of the Complaint is for alleged race discrimination in violation of Title VII. (Compl. ¶¶ 78-89.)

8. Count 2 of the Complaint is for alleged unlawful racial discrimination based on a hostile work environment in violation of Title VII. (Compl. ¶¶ 90-101.)

9. Count 3 of the Complaint is for alleged unlawful retaliation in violation of Title VII. (Compl. ¶¶ 102-115.)

10. Plaintiff does not raise any state law claims in this action. Nor does she seek damages beyond the purview of Title VII. (*See* Compl. Prayer for Relief, subsections (a)-(i).)

11. Plaintiff's claims arise under federal law (Title VII of the Civil Rights Act of 1964, as amended) and fall within this Court's original jurisdiction. This action is therefore removable pursuant to this Court's federal question jurisdiction, 28 U.S.C. §§ 1441(a) and 1331.

### IV. DIVERSITY JURISDICTION

12. This action is also properly removable based on complete diversity of citizenship under 28 U.S.C. § 1441(b), because this Court has original jurisdiction in this case pursuant to 28

U.S.C. § 1332(a), which provides, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different States . . . ." Diversity of citizenship exists because Plaintiff and BBB are diverse. Plaintiff alleges that she is a citizen of North Carolina. (Compl. ¶ 6.) She further alleges, correctly, that BBB is a Kentucky foreign registered limited liability company. (Compl. ¶ 7.) Her employer, Mydatt Services, Inc., operating under the assumed name of the named defendant Block by Block, is a for-profit organization organized under the laws of Ohio, with a principal place of business in Tennessee (located at 7135 Charlotte Pike, #100, Nashville, Tennessee 37209).

13. Plaintiff seeks compensatory damages including, without limitation, back pay and front pay and emotional distress damages and punitive damages that are subject to statutory caps in excess of the jurisdictional threshold. Plaintiff's annual wages exceeded the jurisdictional amount, and damages claimed in these types of actions regularly exceed the required amount in controversy. In addition, Plaintiff has rejected prior severance offers in amounts indicating that Plaintiff seeks to recover over the required amount in controversy. Because the diversity of citizenship and amount in controversy requirements are satisfied, removal on the basis of the diversity of citizenship of the parties is appropriate.

### IV. CONCLUSION

In accordance with 28 U.S.C. § 1446, copies of this Notice of Removal will be promptly served upon Plaintiff and filed with the Clerk of the General Court of Justice, Superior Court Division, for Mecklenburg County, North Carolina. A copy of BBB's notice of filing to the state court is attached hereto as Exhibit B.

By removing this matter, BBB does not waive or intend to waive any defense, including but not limited to insufficiency of process and insufficiency of service of process.

WHEREFORE, Defendant respectfully requests that this Court take jurisdiction of this action and issue all necessary orders and process to remove it from the General Court of Justice, Superior Court Division, for Mecklenburg County, North Carolina to the United States District Court for the Western District of North Carolina.

Dated this the 23rd day of August 2024.

Respectfully submitted,

/s/Carl M. Short III
Carl M. Short, # 46396
Elizabeth R. Gift,  # 44331
*Attorneys for Defendant Mydat Services, Inc. dba Block By Block*
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
201 South College Street, Suite 2300
Charlotte, NC  28244
Telephone:  704-342-2588
Facsimile:  704-342-4379
Email:  carl.short@ogletree.com
Email:  Elizabeth.gift@ogletreedakins.com

# CERTIFICATE OF SERVICE

I, Carl M. Short III, hereby certify that I have this day electronically filed the foregoing Notice of Removal with the Clerk of Court using the CM/ECF system, which will send notification of the filing to the following person:

Eleisha Brewster
4934 Greenbrook Drive
Charlotte, NC 28205
Eleishabrewster34@gmail.com

*Pro Se Plaintiff*

Dated this the 23rd day of August 2024.

        Respectfully submitted,

        /s/Carl M. Short III
        Carl M. Short, # 46396
        *Attorneys for Defendant Mydatt Services, Inc. dba Block By Block*
        OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
        201 South College Street, Suite 2300
        Charlotte, NC 28244
        Telephone: 704-342-2588
        Facsimile: 704-342-4379
        Email: carl.short@ogletree.com